IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CRAIG RAPACKI,

        Plaintiff,

    v.                                                                                     No.  CV-11-185-HZ

CHASE HOME FINANCE LLC, a
Delaware Limited Liability Corporation,
NORTHWEST TRUSTEE SERVICES,                              OPINION & ORDER
INC., a Washington corporation, and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a Delaware Corporation,

        Defendants.


Terrance J. Slominski
David W. Venables
7150 S.W. Hampton, Suite 201
Tigard, Oregon 97223

        Attorneys for Plaintiff


1 - OPINION & ORDER

Ian Kyle
ROUTH CRABTREE OLSEN, P.C.
11830 S.W. Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035

      Attorney for Defendant

HERNANDEZ, District Judge:

      Plaintiff Craig Rapacki brings this foreclosure-related action against defendants Chase Home Finance, LLC, Northwest Trustee Services (NWTS), and the Federal National Mortgage Association (FNMA). Plaintiff brings a breach of contract claim against Chase, and a "wrongful foreclosure" claim against all defendants.

      NWTS moves to dismiss the claim against it for failure to state a claim. I grant the motion.

## BACKGROUND

      The facts are taken from the Complaint. In October 2003, plaintiff and his late wife executed a note in favor of Mortgage Market, Inc., secured by a Deed of Trust against real property in Estacada, Oregon. Compl. at ¶ 8. The Deed of Trust identifies the lender as Mortgage Market, Inc., the trustee as Pacific Northwest Title of Oregon, and the borrowers as plaintiff and his late wife. Id. at ¶ 9. The Deed of Trust also names Mortgage Electronic Registration Systems (MERS) as the beneficiary. Id. The Deed of Trust recites that it secures the repayment of the loan to the lender, Mortgage Market, Inc. Id. at ¶ 10.

      On or about December 6, 2006, an Assignment of Deed of Trust was recorded in which MERS assigned its interest in the Deed of Trust to Chase. Id. at ¶ 11. On the same date, a Substitution of Trustee was recorded, purporting to appoint NWTS as successor trustee. Id. at ¶

2 - OPINION & ORDER

12.  That document was signed by Becky Baker, as "attorney in fact" for Chase.

On or about March 20, 2009, NWTS recorded a Notice of Default and Election to Sell. Id. at ¶ 13.  In August 2009, plaintiff entered into a modification agreement with Chase, whereby plaintiff was able to make payments of $930.  Id. at ¶ 14.  Plaintiff made his first scheduled payment in September 2009, by cashier's check.  Id.

On August 27, 2009, allegedly without notice to plaintiff, NWTS sold plaintiff's house to FNMA for stated consideration of $217,147.87.  Id. at ¶ 15.  At the time of the foreclosure, there were allegedly one or more unrecorded assignments of the beneficial interest in the Deed of Trust, including an assignment to FNMA.  Id.  Plaintiff alleges he was not in default under the note and Deed of Trust on the date of the foreclosure sale.  Id.

STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the court need not accept conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

## DISCUSSION

Based on the facts alleged and recited above, plaintiff brings a claim for wrongful foreclosure against all defendants. There, plaintiff contends that defendants acted in concert with each other to wrongfully foreclose plaintiff's interest in his property. Compl. at ¶ 25. Plaintiff lists six separate alleged improprieties:

(1) The mortgage is not a Deed of Trust in compliance with Oregon Revised Statutes §§ (O.R.S.) 86.705-86.795 and may not be foreclosed by a non-judicial foreclosure because it names MERS as a beneficiary in addition to the lender who is the facial and factual beneficiary under the loan secured by the mortgage;

(2) Chase was not the beneficiary at the time it recorded its appointment of successor trustee and consequently, NWTS's subsequent foreclosure actions were improper;

(3) There were assignments of beneficial interest which were not recorded in the county records before the trustee sale as required by O.R.S. 86.735;

(4) Because plaintiff was in a loan modification at the time defendants exercised the

power of sale, no default existed which would have authorized the foreclosure;

(5) MERS's assignment of the Deed to Trust to Chase assigned only MERS's own interest in the Deed of Trust and because that interest was solely a nominee's interest, Chase lacked authority to appoint a successor trustees or take other actions on its behalf; and

(6) FNMA never paid the $217,147.87 that was stated consideration in the Trustee's Deed.

Compl. at ¶¶ 25A - 25F.

Plaintiff further alleges that defendants knew that if they wrongfully foreclosed plaintiff's property, plaintiff would suffer damages to his reputation as well as emotional distress. Id. at ¶¶ 26, 28. Plaintiff contends that he has suffered reputation damages in an amount not less than $25,000, has suffered emotional distress damages in an amount not less than $25,000, and has been damaged by the loss of his home and possessions, worth $350,000. ¶¶ 26-28. Finally, he seeks punitive damages in an amount to be proven at trial. Id.

NWTS moves to dismiss the claim, arguing that plaintiff fails to plead a viable theory of recovery against NWTS supporting his requests for reputation and emotional distress damages, the loss of his house and possessions, and punitive damages. NWTS contends that plaintiff cannot maintain a tort claim for "wrongful foreclosure" against NWTS for the conduct alleged in the Complaint, and that the Complaint fails to otherwise state a tort claim against NWTS.

Given that plaintiff brings a separate breach of contract claim (which he brings against Chase only), the wrongful foreclosure claim appears to be based on a tort theory. As indicated above, plaintiff alleges that defendants acted improperly. Compl. at ¶ 25. Of the six paragraphs listing the alleged improper conduct, NWTS is named in only one where plaintiff asserts that

because Chase was not the beneficiary at the time it recorded its appointment of NWTS as successor trustee, NWTS's subsequent actions to foreclose were improper. Id. at ¶ 25B. It is apparent from reading the allegations that NWTS is not alleged to have acted improperly in its actual conduct in overseeing the foreclosure but rather, is alleged to have lacked authority to conduct the foreclosure because of other alleged improprieties by Chase or FNMA.

In a 1942 case, the Oregon Supreme Court held that a mortgagee breached a duty to use its best efforts to obtain the highest sale price possible when selling real property which secured an unpaid debt. Harper v. Interstate Brewery Co., 168 Or. 26, 120 P.2d 757 (1942). The plaintiffs, distributors of beer for the defendant, were in arrears on their account with the defendant and executed a contract in which the parties acknowledged the debt and the plaintiffs agreed to pay the debt within thirty days. Id. at 31, 120 P.2d at 759. The plaintiffs executed deeds conveying real property to the defendant as security for the debt. Id. The defendant delayed recording the conveyances and agreed to return the deeds of conveyance to the plaintiffs if the plaintiffs timely paid the debt. Id. If the plaintiffs did not timely pay the debt, the defendant was authorized to record the deeds and to sell the property at private sale and without notice for "such sum as [the defendant] may be able to obtain for said property. [The defendant] to use[] its best efforts to obtain as much as it reasonably can for said property." Id.

The plaintiffs failed to pay the debt within thirty days and the defendant then recorded the deeds and took possession of the property. Id. at 32, 120 P.2d at 760. The defendant agreed to sell the property at a price equal to the amount owed to the defendant by plaintiffs, without any surplus inuring to the plaintiff's benefit. Id. at 32-33, 120 P.2d at 760.

The plaintiffs filed an action against the defendant, seeking compensatory and punitive

6 - OPINION & ORDER

damages, contending that had the defendant performed "its trust," it would have realized a sale price much larger than that actually obtained. The plaintiffs' action sounded in tort, not contract. Id. at 34-35, 120 P.2d at 761. The defendant contended that the only cause of action available to the plaintiffs was a breach of contract claim and to the extent it was brought as a tort claim, the claim should be dismissed.. Id. at 36, 120 P.2d at 762.

The Oregon Supreme Court noted that generally, a "mere breach of contract does not constitute a tort nor authorize an action on the case." Id. But, the court explained, a duty may exist independent of the contract giving a party a separate tort claim. "If from the position, contractually assumed, a duty be raised independent of the contract an action in tort may lie." Id. at 37, 120 P.2d at 762. The court explained that

> it may be necessary for a plaintiff to show a contract between himself and the defendant in order to establish that the defendant has assumed a position, relationship or status upon which the general law predicates a duty independent of the terms of the contract but it does not necessarily follow that his only remedy is ex contractu.

Id. As for the case before it, the court noted that the "crucial question" was whether "independent of the express provisions of the contract," the defendant had "a common-law duty to use its best efforts to obtain as much as it reasonably could upon the sale of the property[.]" Id. at 38, 120 P.2d at 763.

The court assumed, without deciding, that the defendant as mortgagee had a right to sell the property at private sale without a foreclosure suit. The court then held that if the defendant made such a sale, "it would be subject to such obligations of good faith and diligence as are imposed on mortgagees with power of sale in states permitting that form of foreclosure." Id. at 39, 120 P.2d at 763. The court then found that a "mortgagee in the exercise of a power of sale of

7 - OPINION & ORDER

real property owes a duty recognized at both law and in equity to act in good faith using all reasonable efforts to make the sale beneficial to the mortgagor by obtaining for the property the best price reasonably obtainable." Id. at 40, 120 P.2d at 763. The court found that by virtue of receiving deeds to the property with a purported power of sale as security, the defendant "assumed a relationship to the plaintiffs upon which the law imposed a duty to act in good faith, using reasonable efforts to make the sale beneficial to the mortgagor by obtaining the best price reasonably obtainable." Id. at 42, 120 P.2d at 764.

As plaintiff in the instant case concedes, aside from Harper there are few, if any, Oregon cases discussing a tort of wrongful foreclosure. In fact, it has been noted that Harper is appropriately considered a case regarding the covenant of good faith and fair dealing implied in every contract under Oregon law and is not a case addressing a special extra-contractual fiduciary duty. In Cardinal Enterprises v. Far West Federal Bank (In re Cardinal Enterprises), 68 B.R. 460 (B.A.P. 9th Cir. 1986), the court explained that the Harper court "found that [the] manner of conducting the sale was a breach of the common law contract duty of good faith." Id. at 463. The Cardinal court noted that although the Harper court "used the term 'fiduciary' when defining the duty owed, it appears the court was implying the duty of good faith owed between contracting parties, and not the special trust, confidence and loyalty owed by fiduciaries." Id. The Cardinal court stated that its interpretation was "confirmed by the holding of the case which describes the duty owed by a mortgagee in the exercise of a power of sale of real property as the duty 'to act in good faith using all reasonable efforts to make the sale beneficial to the mortgagor.'" Id. (quoting Harper, 120 P.2d at 763).

The Cardinal court also noted that "[s]ubsequent Oregon cases have held that Harper is

8 - OPINION & ORDER

limited to its facts." Id.  One such Oregon case held that the duty set out in Harper was

"'specifically directed to the manner in which the mortgagee exercised its power of sale.'"  Id.

(quoting Cascade Steel Fabricators, Inc. v. Citizens Bank of Or., 46 Or. App. 573, 576, 612 P.2d

232 (1980)); see also Wright v. Associates Fin. Servs. Co. of Or., 59 Or. App. 688, 695, 651 P.2d

1368, 1373 (1982) (describing duty created by Harper as the duty of the mortgagee to act in good

faith in regard to the sale price).

 Plaintiff contends that lately, Oregon courts have allowed claims for wrongful foreclosure

based on allegations similar to those alleged by plaintiff here.  In support, plaintiff cites to two

cases from the District of Oregon, and one from the District of Oregon Bankruptcy Court.  None

of them discuss the validity of a tort theory of wrongful foreclosure against a trustee where the

basis of the alleged wrongful conduct is that the trustee lacked the power to foreclose because of

an invalid appointment.  In Hulse v. Ocwen Federal Bank, 195 F. Supp. 2d 1188 (D. Or. 2002),

the non-judicial foreclosure was stopped before the actual sale had occurred.  In discussing the

plaintiffs' claim under the Fair Debt Collection Practices Act, Judge Hubel noted, in a footnote,

that "[i]if the foreclosure process had not been aborted prior to sale, plaintiffs could possibly

pursue a claim for wrongful foreclosure under Oregon's non-judicial foreclosure statutes based on

the invalid assignment allegations." Id. at 1204 n.5.  Judge Hubel's reference to a claim under the

statutes suggests that he was not discussing a common law tort of wrongful foreclosure.  The

inclusion of the word "possibly," along with the fact that the statement appears in a footnote,

indicates that this was not a definitive acknowledgment of any particular right or claim.

 In Rinehart v. Onewest Bank, FSB, No. CV-10-6331-AA, 2011 WL 1311839, at *3 (D.

Or. Apr. 1, 2011), Judge Aiken recently denied a successor trustee's motion to dismiss a claim

9 - OPINION & ORDER

alleging wrongful foreclosure and declaratory relief.  The plaintiffs alleged that the assignments

of the beneficial interest in their property remained unrecorded at the time of the trustee sale, that

the appointment of the successor trustee was invalid, and that the plaintiffs had breached no

conditions to warrant foreclosure and sale of their property.  The discussion of the motion was

brief, with Judge Aiken recognizing that she was bound to accept the plaintiffs' factual

allegations as true, and as such, the claims for wrongful foreclosure and declaratory relief

regarding the validity of the trustee sale were plausible.  Id.

It does not appear that the argument raised by defendant here was presented in Rinehart.

Judge Aiken makes no mention of the validity of the claim, of its sounding in tort, or of Harper.

She jointly discusses the wrongful foreclosure and declaratory relief claims, with the latter based

on violations of the Oregon Trust Deed Act.  Id.  Her decision fails to show that this Court has

recognized a wrongful foreclosure claim for damages based in tort brought against a successor

trustee who is not alleged to have itself acted improperly.

Finally, in the bankruptcy case, Judge Alley discussed the debtor's wrongful foreclosure

claim which had originally been filed as a civil claim, but which was then transferred to the

Bankruptcy Court after plaintiff filed both Chapter 7 and Chapter 13 proceedings there.  McCoy

v. BNC Mortgage, Inc. (In re McCoy), No. 10-63814 (Bankr. D. Or. Feb. 7, 2011).  As described

by Judge Alley, the claim concerned alleged failures to record one or more of the assignments of

the lender's interests in violation of the Oregon Trust Deed Act.  Op. at p. 5.  Judge Alley held

that the allegations of the unrecorded assignments stated a claim under the Oregon Trust Deed

Act.  Id. at pp. 5-6.  There is no mention of the claim being brought as a tort claim or that the

plaintiff sought anything other than to enjoin the foreclosure based on a declaration that the

foreclosure was wrongful.

The cases cited by plaintiff refer to "wrongful foreclosure" only in passing, make no mention of Harper, and contain no discussion of the validity of the claim as a tort claim for damages. They are of little assistance in determining whether the claim alleged in this case is viable. That leaves Harper as providing the most relevant caselaw. Whether Harper is read to articulate a cause of action for breach of the covenant of good faith and fair dealing or for "tortious bad faith," it does not support the claim plaintiff asserts here.

A claim asserting a breach of the implied covenant of good faith and fair dealing is a contract claim under which reputation, emotional distress, and punitive damages are unavailable. See Barton v. Hartford Ins. Co. of the Midwest, No. CV-03-6164-TC, 2005 WL 174849, at *4 n.6 (D. Or. Jan. 25, 2005) (court rejected argument that tort damages can be awarded upon a finding of a breach of contract, including claim for breach of implied duty of good faith), adopted as modified, 2005 WL 758255 (D. Or. Apr. 1, 2005); Seaward Yacht Sales, Ltd. v. Murray Chris-Craft Cruisers, Inc., 701 F. Supp. 766, 771-72 (D. Or. 1988) (court treated claim as one for contractual breach of the implied covenant of good faith and fair dealing and thus dismissed claim for punitive damages when allegations in complaint did not state a tortious bad faith claim). Moreover, even if some of the damages plaintiff seeks from NWTS under this claim are in some way obtainable in a contract action, NWTS, as a successor trustee, is not a party to the Deed of Trust or the underlying note and thus, plaintiff may not pursue an implied good faith claim against NWTS. Lettenmaier v. Federal Home Loan Mortg., No. CV-11-156-HZ, 2011 WL 1938166, at *8-9 (D. Or. May 20, 2011) (trustee not a party to Deed of Trust or note); Davis v. Pacific Saw & Knife Co., No. CV-08-676-HU, 2008 WL 4319981, at *2 (D. Or. Sept. 16, 2008)

11 - OPINION & ORDER

(in the absence of a contract between the plaintiff and the defendant, the plaintiff could not bring a claim for breach of the covenant of good faith and fair dealing).

If plaintiff's claim is considered a claim for "tortious bad faith," plaintiff must be able to establish "'first, that the defendant's conduct violated some standard of care that is not part of the defendant's explicit or implied contractual obligations; and, second, that the independent standard of care stems from a particular special relationship between the parties'" Thompson v. Federico, 324 F. Supp. 2d 1152, 1167 (D. Or. 2004) (quoting Strader v. Grange Mut. Ins. Co., 179 Or. App. 329, 333, 39 P.2d 903, 906 (2002)).

Again, there are no contractual obligations at issue here. Additionally, by statute, the only duties imposed upon the trustee of a deed of trust are (1) upon default to undertake the steps necessary to foreclose the deed of trust, O.R.S. 86.740–86.755; or (2) upon satisfaction of the secured debt to reconvey the deed of trust, O.R.S.§ 86.720(1). While Oregon courts have formerly held that a trustee under a deed of trust acts in a fiduciary capacity, see Wright, 59 Or. App. at 695, 651 P.2d at 1373 (trustee owed duty of good faith and due diligence to trust deed grantor), subsequent revisions to the underlying statute have abrogated this holding as it pertains to trust deed grantors. O.R.S.§ 86.790(7) ("The trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the trust deed"). No other basis for a special relationship capable of supporting a tortious bad faith claim is apparent from the Complaint.

In response to the motion to dismiss, plaintiff argues that his tortious wrongful foreclosure claim against NWTS should be viewed as a claim of conversion. Plaintiff argues that because bad faith is not required to make out a cause of action for conversion, all plaintiff needs

12 - OPINION & ORDER

to show is defendant's intent to exercise control over plaintiff's chattels inconsistently with plaintiff's rights. Plaintiff contends that because NWTS lacked authority to sell plaintiff's home, it is liable to plaintiff for exercising dominion over plaintiff's property without the right to do so.

I disagree. "[C]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Hemstreet v. Spears, 282 Or. 439, 444, 579 P.2d 229, 233 (adopting definition set forth in the Restatement ) (internal quotation omitted), appeal dismissed, 439 U.S. 948 (1978). A chattel is "[m]ovable or transferable property; personal property; esp. a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary 268 (9th ed. 2009). The real property subject to the trust deed is not a chattel and plaintiff's claim as to the real property cannot be construed as a claim for conversion. However, plaintiff alleges that his damages include the loss of his possessions which likely meet the definition of "chattel." On this record, I cannot conclude that as a matter of law, a claim for conversion of plaintiff's possessions fails to state a claim. Thus, plaintiff may amend his Complaint to plead a claim for conversion, limited to the possessions in his home.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13 - OPINION & ORDER

CONCLUSION

Defendant NWTS's motion to dismiss (#18) is granted.  Plaintiff may file an Amended

Complaint as to a conversion claim, within ten days of the date of this Opinion.

IT IS SO ORDERED.

Dated this _____21st_____ day of _____June_____, 2011


/s/ Marco A. Hernandez_____
Marco A. Hernandez
United States District Judge